# United States District Court
# Central District of California

| | |
|---|---|
| DR. FARSHAD AGAHI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAMIN KHORRAMI, <br><br> Defendant. | Case No. 2:16-cv-04340-ODW (PJWx) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [52]** |

## I. INTRODUCTION

Plaintiffs Dr. Farshad Agahi and Margaret Agahi initiated this action against Defendant Ramin Khorrami based on allegations that Khorrami physically and emotionally abused Margaret[1] during their year-long affair and extorted $34,000 from her to keep the affair concealed. Before the Court is Khorrami's Motion for Partial Judgment on the Pleadings, which is fully briefed. (*See* Mot. J. on Pleadings ("Mot."), ECF No. 52; Opp'n, ECF No. 55; Reply, ECF No. 57.) For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Khorrami's Motion.[2]

---

[1] The Court respectfully refers to Plaintiffs by their first names to avoid confusion.
[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

A. **Factual Background**

Farshad and Margaret are married and live in Arizona. (Compl. ¶ 4, ECF No. 1.) In 2012, Margaret met Khorrami in Los Angeles, California, and the two began a consensual romantic affair. (*See id.* ¶ 6.) The relationship was initially stable, but in June 2013 it began to dissolve. (*Id.* ¶ 8.) Khorrami became violent and abusive toward Margaret; he spit on her, broke her nose, and threatened to kill her. (*Id.*) Khorrami repeatedly threatened Margaret that he would tell Farshad about the affair unless she did Khorrami's bidding—which included forcing Margaret to fly from Arizona to Los Angeles to see him; perform sexual acts under duress; and consume alcohol, cocaine, and other drugs. (*Id.* ¶ 9.) In exchange for concealing the affair, Khorrami demanded Margaret send him naked photographs and videos. (*Id.* ¶ 11.)

Khorrami also demanded Margaret pay him $40,000 and warned her that if she did not make this payment, Khorrami would tell Farshad, "along with her friends, family, clients, and members of the local Baha'i community" about the affair. (*Id.* ¶ 14.) Margaret begged Khorrami to lower the demand to $30,000, which he did in exchange for her agreeing to travel to see him "whenever he requested to perform sexual acts under threats of violence." (*Id.*) Over the next two months, Margaret paid Khorrami a total of $30,000. (*Id.* ¶ 15.)

Shortly thereafter, Khorrami demanded an additional $40,000, which Margaret negotiated down to $20,000, again in exchange for traveling to Los Angeles for forced sexual acts. (*Id.* ¶ 16.) Upon arriving to Los Angeles in 2013, Margaret gave Khorrami $4,000 in cash, but Khorrami was not satisfied with the small amount, and demanded the entire $40,000. (*Id.* ¶ 17.)

Because Margaret could not continue to pay Khorrami additional money, Khorrami informed Farshad of the affair in November 2013. (*Id.* ¶ 13.)

## B. Procedural Background[3]

In June 2015, Plaintiffs initiated a civil action against Khorrami; that case was dismissed without prejudice by the United States District Court, District of Arizona for lack of personal jurisdiction. (*Id.* ¶¶ 19–21.) Later that year, a criminal complaint was filed against Khorrami in Maricopa County, Arizona for six felony counts of fraud, theft by extortion, and theft. (*Id.* ¶ 24.) On September 23, 2015, Khorrami was indicted on those six charges. (Pls.' RJN Ex. 1.) On February 2, 2020, a jury found Khorrami guilty and convicted him of felony fraud schemes and theft. (*Id.* Ex. 3.)

On June 16, 2016, Plaintiffs filed the operative Complaint in this case against Khorrami on the basis of diversity jurisdiction, asserting twelve claims for: (1) extortion; (2) intentional infliction of emotional distress; (3) civil harassment; (4) loss of consortium; (5) assault; (6) battery; (7) sexual battery; (8) gender violence; (9) domestic violence; (10) civil stalking; (11) negligent infliction of emotional distress; and (12) distribution of film and photographs without consent. (*See* Compl. ¶¶ 25–98.)

This proceeding was continued several times upon joint stipulation of the parties. (*See* ECF Nos. 24, 29, 30, 33, 35.) Eventually, the Court ordered a stay pending resolution of the Arizona state criminal action. (ECF No. 36.) On January 8, 2021, the Court lifted the stay pursuant to Plaintiffs' unopposed Motion to Lift the Stay, which was filed after Khorrami completed his sentence. (ECF No. 49.)

---

[3] Khorrami requests that the Court take judicial notice of various documents filed in Arizona state and federal court actions. (*See* Req. for Judicial Notice, ECF No. 53.) Plaintiffs also request that the Court take judicial notice of documents filed in the Arizona criminal action. (*See* Req. for Judicial Notice ISO Opp'n ("Pls.' RJN"), ECF No. 56.) Neither party opposes the other party's request. A court may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings). Here, Khorrami's requested documents are not pertinent to the Court's disposition of this matter. Accordingly, the Court **DENIES as moot** Khorrami's request. Turning to Plaintiffs' request, the Court **GRANTS** their Request for Judicial Notice and takes judicial notice of Plaintiffs' documents, but not of reasonably disputed facts therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2012).

Khorrami now moves for partial judgment on the pleadings as to ten of Plaintiffs' twelve claims (Claims One through Seven and Ten through Twelve). (Mot. 1–2.)

### III. LEGAL STANDARD

After the pleadings are closed, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ P. 12(c). The standard applied to a Rule 12(c) motion is essentially the same as that applied to Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." (citations omitted)); *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

When ruling on a motion for judgment on the pleadings, a court should construe the facts in the complaint in the light most favorable to the nonmoving party, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id.* If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

Khorrami moves for judgment on the pleadings on four grounds. First, he argues that eight claims are barred by the applicable statute of limitations. Second, he contends that the claim for civil harassment fails because there is no current or future harm alleged. Third, Khorrami asserts that the claim for negligent infliction of emotional distress fails because he did not owe Margaret a duty. Fourth and finally, Khorrami argues the claim for distribution of explicit films and photographs without consent fails because Plaintiffs do not allege that he distributed any materials.

The Court addresses each argument in turn.

### A. Statute of Limitations

Khorrami contends that eight of Plaintiffs' claims[4] are governed by a two-year statute of limitations for personal injury actions and are time barred because this 2016 action is based on events that happened in 2013. (Mot. 4–12 (citing Cal. Civ. Proc. Code § 335.1).) In opposition, Plaintiffs argue that these claims are governed by California Code of Civil Procedure section 340.3(a), which extends the limitations period for actions based upon the defendant's commission of a felony. (Opp'n 5–7.) Plaintiffs are correct.

"A federal court sitting in diversity jurisdiction must generally apply the law of the forum state regarding whether an action is barred by the statute of limitations." *Hendrix v. Novartis Pharm. Corp.*, 975 F. Supp. 2d 1100, 1106 (C.D. Cal. 2003) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 109–110 (1945)), *aff'd* 647 F. App'x 749 (9th Cir. 2016). Under California law, personal injury actions are generally subject to a two-year limitation. Cal. Civ. Proc. Code § 335.1.

However, section 340.3(a) of the California Code of Civil Procedure "extends the time to sue for damages due to commission of a felony offense until one year after conviction of the crime." *Rasmussen v. Lazarus*, 19 Cal. App. 5th 48, 53 (2018). The

---

[4] Claims One (extortion), Two (intentional infliction of emotional distress), Four (loss of consortium), Five (assault), Six (battery), Seven (sexual battery), Ten (civil stalking), and Eleven (negligent infliction of emotional distress).

statute was enacted to encourage felony victims to seek restitution from the perpetrators after a conviction. *See id.* at 54. Consistent with that purpose, section 340.3(a) "allows the victim to sue the defendant when an otherwise applicable statute of limitations has expired." *Guardian N. Bay, Inc. v. Superior Court*, 94 Cal. App. 4th 963, 975 (2001). The plain language of the statute is broad; for section 340.3(a) to apply, the action "must meet only three requirements: (1) the action is for damages; (2) the action is based upon defendant's commission of a felony offense; and (3) defendant has been convicted of that felony offense." *Id.* at 973.

Here, the three requirements are met. **First**, Plaintiffs seek damages in this civil action. (*See* Compl., Prayer for Relief.) **Second**, this action is based upon Khorrami's commission of a felony offense. (*Compare* Pls.' RJN Exs. 1, 3 (listing Khorrami's criminal charges related to his actions against Plaintiffs and his felony conviction for fraudulent scheme and theft), *with* Compl. ¶¶ 6–18 (describing the methods by which Khorrami allegedly obtained $34,000 from Plaintiffs through the same fraudulent scheme and theft).) **Third**, a jury convicted Khorrami of two felonies—fraudulent scheme and theft. (Pls.' RJN Ex. 3.)

Khorrami protests that section 340.3(a) does not apply because Plaintiffs initiated this action *before* his felony convictions. (Reply 3–4.) However, the California Court of Appeal has held it inconsequential that a civil action was filed before the defendant's felony conviction. *See Rasmussen*, 19 Cal. App. 5th at 51 (affirming trial court's conclusion that, under section 340.3(a) "the action was not untimely merely because it had been filed before [the defendant's] eventual conviction."). Indeed, the court found that "[i]n enacting section 340.3[a], the Legislature already determined that—no matter what statute of limitations might otherwise be applicable—the policy of compensating crime victims mandates that they be permitted to civilly pursue criminal defendants following their convictions." *Id.* at 59. And thus, here too, "[t]he Legislature's goals are furthered by allowing" a civil action that was pending during the criminal trial to proceed. *See id.*

The Court finds that this case falls squarely under section 340.3(a) and the challenged claims are timely. Accordingly, the Court **DENIES** Khorrami's Motion as to Claims One, Two, Four, Five, Six, Seven, Ten, and Eleven.

B.  **Civil Harassment**

Khorrami contends that Claim Three (civil harassment) fails because Plaintiffs do not demonstrate current harassment or future harassment. (Mot. 14–15.) The Court agrees.

California Code of Civil Procedure section 527.6 provides that a victim of "harassment . . . may seek a temporary restraining order and an order after hearing prohibiting the harassment." "The purpose of the statute is to provide quick relief to harassed persons." *Yost v. Forestiere*, 51 Cal. App. 5th 509, 520 (2020) (internal quotation marks and brackets omitted). Moreover, "[t]he quick, injunctive relief provided by section 527.6 lies only to prevent threatened injury—that is, future wrongs. The injunctive relief is not intended to punish the restrained party for past acts of harassment." *Id.* (internal quotation marks, brackets, and citations omitted).

Here, Plaintiffs allege only that Khorrami engaged in past harassment—over seven years ago. (*See generally* Compl.) Plaintiffs do not allege that Khorrami is currently harassing Plaintiffs or that Khorrami is likely to harass Plaintiffs in the future. And Plaintiffs fail to cite to any authority demonstrating that a civil harassment claim can stand on only allegations of past harm. Therefore, this claim fails.

Accordingly, Claim Three (civil harassment) is **DISMISSED with leave to amend**.

C.  **Negligent Infliction of Emotional Distress**

Khorrami contends that Claim Eleven (negligent infliction of emotional distress) fails because it is asserted by the wrong Plaintiff in the Complaint. (*See* Compl. ¶¶ 87–92 (alleging Khorrami owed Margaret a duty of reasonable care). Plaintiffs concede that they drafted these allegations incorrectly and that the claim

"should have been brought by [Farshad]." (Opp'n 14.) Plaintiffs also include the factual allegations they would submit in an amended pleading to cure this deficiency. (*Id.*)

Accordingly, Claim Eleven (negligent infliction of emotional distress) is **DISMISSED with leave to amend**.

### D. Distribution of Explicit Films and Photographs

Khorrami's final contention is that Claim Twelve (distribution of film and photographs without consent) fails because: (1) Plaintiffs do not allege that Khorrami distributed explicit photographs or videos of Margaret; and (2) Plaintiffs do not allege that any distribution occurred after the statute's operative date, July 1, 2015. (Mot. 15–16.) Khorrami is correct.

California Civil Code section 1708.85 provides a private cause of action against a person who distributes explicit photographs or videos of another without consent. Plaintiffs do not allege that Khorrami distributed any explicit photographs or videos of Margaret. Their allegations that Khorrami *threatened* to disclose explicit images is insufficient to state a claim under this statute.

Accordingly, Claim Twelve (distribution of explicit photographs and videos) is **DISMISSED with leave to amend**. Any amended claim should also include facts demonstrating that photographs or videos were distributed after the statute's operative date of July 1, 2015.

///
///
///
///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Khorrami's Motion (ECF No. 52) as follows:

1. The Motion is **DENIED** as to Claims One, Two, Four, Five, Six, Seven, and Ten;
2. The Motion is **GRANTED with leave to amend** as to Claims Three, Eleven, and Twelve.

If Plaintiffs choose to amend their Complaint, they shall file a First Amended Complaint ("FAC") **within twenty-one (21) days** of the date of this order. If Plaintiffs file a FAC, Khorrami shall file a response no later than **fourteen (14) days** from the date of the amended filing.

**IT IS SO ORDERED.**

July 9, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**