O

# United States District Court
# Central District of California

| | |
|---|---|
| DR. FARSHAD AGAHI, et al.,<br><br>       Plaintiffs,<br><br>  v.<br><br>RAMIN KHORRAMI,<br><br>       Defendant.<br><br>RAMIN KHORRAMI,<br><br>       Counterclaimant,<br><br>  v.<br><br>DR. FARSHAD AGAHI, et al.,<br><br>       Counter-Defendants. | Case № 2:16-cv-04340-ODW (PJWx)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY CIVIL ACTION [67]** |

## I. INTRODUCTION

On June 16, 2016, Plaintiffs and Counter-Defendants Margaret Agahi ("Agahi") and Farshad Agahi initiated this action against Defendant and Counterclaimant Ramin Khorrami. (Compl., ECF No. 1.) Plaintiffs seek to hold Khorrami civilly liable for his conduct that is also the subject of the State of Arizona's parallel criminal

proceeding against Khorrami. (Def.'s Mot. Stay ("Mot.") 1, ECF No. 67.) Khorrami moves to stay this civil action pending his petition to appeal his conviction to the United States Supreme Court. (Mot. 2.) As discussed below, the Court **DENIES** Khorrami's Motion.[1]

## I.  REQUEST FOR JUDICIAL NOTICE

Concurrently with his Motion, Khorrami requests that the Court take judicial notice of the certified docket from the Arizona Court of Appeals for criminal case number 1 CA-CR20-0088. (Req. Judicial Notice ("RJN") Ex. 1 ("Criminal Docket"), ECF No. 67-3.) Khorrami also requests that the Court take judicial notice of the Arizona Court of Appeal's order granting a motion to stay for criminal case number 1 CA-CR20-0088. (RJN Ex. 2 ("Stay Order").) The Court may take judicial notice of court filings and other undisputed matters of public record. *See* Fed. R. Evid. 201(b); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Both exhibits for which Khorrami requests judicial notice are court records. Accordingly, the Court **GRANTS** both of Khorrami's requests.

Khorrami also cites to material from a prior request for judicial notice, filed in connection with his previous opposition to Plaintiffs' motion for partial judgement on the pleadings. Although Khorrami did not formally renew his request for judicial notice of these materials, he did request judicial notice in connection with his earlier opposition. (Prior Req. Judicial Notice ("Prior Req."), ECF. No. 56.) Moreover, Plaintiffs do not object to Khorrami's reference to these materials. Therefore, the Court takes judicial notice of these materials.

## II.  BACKGROUND

Plaintiffs filed this action alleging twelve claims against Khorrami related to his abusive conduct towards Agahi during and after his personal relationship with her. (Compl. ¶¶ 25–98.) Plaintiffs allege that Khorrami made repeated physical,

---

[1] After considering the papers submitted in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

emotional, and financial threats against Agahi, including threats to reveal their affair, kill Agahi, and ruin Agahi's reputation, if she did not pay him. (*Id.* ¶¶ 8–14.) According to Plaintiffs, Khorrami made multiple extortion demands to Agahi. (*Id.* ¶¶ 11–18.) In response to those demands, Agahi provided thousands of dollars to Khorrami, which Agahi seeks to recover in this civil action. (*Id.*)

Khorrami asserts that his conduct that is the subject of this civil action factually overlaps with the Arizona criminal proceedings against him. (Mot. 2 (citing Prior Req. Ex. 1, ECF No. 56-1).) Accordingly, on December 7, 2018, the parties stipulated to—and the Court granted—a stay of this action pending the resolution of the criminal case. (Joint Stip. Stay, ECF No. 35; Order Granting Stip. 1, ECF No. 36.)

On June 13, 2019, in the criminal case, an eight-person jury[2] tried and convicted Khorrami. (Mot. 2 (citing Prior Req. Ex. 2, ECF No. 56-2).) Because the criminal trial was the basis for the stay of this civil action, and had been resolved, Plaintiffs moved to lift the stay. (Mot. Lift Stay 2, ECF No. 46.) Khorrami did not oppose the motion but reserved the right to seek another stay if a new trial was granted in his criminal proceeding. (Notice Non-Opp'n, ECF No. 47.) On January 5, 2021, the Court granted Plaintiffs' motion and lifted the stay. (Min. Order, ECF No. 49.)

On February 14, 2021, Khorrami appealed his criminal conviction to the Arizona Court of Appeals, claiming that the use of an eight-person jury, rather than a twelve-person jury, violated his constitutional rights. (Mot. 3.) On July 29, 2021, the Arizona Court of Appeals affirmed the conviction. (Criminal Docket 7.) Then, on August 27, 2021, Khorrami petitioned the Arizona Supreme Court for review, but that court declined to review the decision. (*Id.* at 8.) Khorrami then petitioned the United States Supreme Court for a writ of certiorari. (*Id.*) On February 16, 2022, Khorrami

---

[2] Arizona revised statutes § 21-102 allows for eight-person juries in all criminal trials other than those wherein the authorized sentence is death or imprisonment of thirty years or more. (Mot. 2.)

successfully moved to stay the issuance of the Arizona Court of Appeals mandate affirming the decision—pending his petition for writ of certiorari.[3]  (*See* Stay Order.)

Now, Khorrami seeks to again stay this civil action pending the final disposition of his criminal proceedings.  (*See* Mot.)  Khorrami's Motion is fully briefed.  (*See* Opp'n, ECF No. 68; Reply, ECF No. 69.)

### III.  LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."  *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).  "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem [] to require such action.'"  *Id.* (alterations in original) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)).  "The proponent of a stay bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In deciding whether to stay civil proceedings in light of parallel criminal proceedings, the court should first "consider the extent to which the defendant's [F]ifth [A]mendment rights are implicated."  *Keating*, 45 F.3d at 324 (internal quotation marks omitted) (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).  The court also considers (1) the plaintiff's interest in proceeding expeditiously with the litigation and the potential prejudice of a delay; (2) the burden the proceedings may impose on the defendant; (3) judicial efficiency; (4) non-party interest; and (5) the public's interest in the pending civil and criminal litigation (the "*Keating* factors").  *Id.* at 324–25.

### III.  DISCUSSION

Khorrami requests a stay on the basis that he must refrain from offering testimony in this civil action that would prejudice his Supreme Court petition and his possible criminal retrial, because doing so would implicate his Fifth Amendment right

---

[3] In his pending petition for writ of certiorari, Khorrami challenges his conviction, arguing that the recent Supreme Court ruling in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), abrogates the Court's previous holding that juries could consist of less than twelve members.  (Mot. 3.).

against self-incrimination. (Mot. 6–8.) Plaintiffs contend that a stay is inappropriate because the chance of the Supreme Court granting Khorrami a retrial is remote. (Opp'n 5–7.) After considering the extent to which Khorrami's Fifth Amendment rights may be implicated as well as the *Keating* factors, the Court finds Khorrami fails to show that a stay is appropriate.

### A. Implication of Khorrami's Fifth Amendment Rights

"[T]he extent to which defendant's Fifth Amendment rights are implicated is a significant factor." *See Keating*, 45 F.3d at 326. "When simultaneous civil and criminal proceedings involve the same or closely related facts, Fifth Amendment concerns may be sufficient to warrant a stay." *McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL 934242, at *2 (N.D. Cal. Mar. 15, 2010) (internal quotation marks and citation omitted). This is especially true "where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *State Life Ins. Co. v. Bogachova*, No. CV 16-856 DMG (PLAx), 2017 WL 8229558 at *1 (C.D. Cal. Apr. 7, 2017) (quoting *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir. 1980)). However, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating,* 45 F.3d at 326. Accordingly, when the defendant in the parallel criminal proceeding has been sentenced, "[o]nly unusual circumstances [will] justify an order staying a post-conviction civil proceeding." *Fed. Trade Comm'n v. Mytel Int'l,* No. CV 87-7259 JGB (SSX), 2022 WL 2101898, at *2 (C.D. Cal. Apr. 14, 2022) (quoting Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 204 (1989)).

Here, Khorrami argues that this civil case will implicate his Fifth Amendment rights if his petition to the Supreme Court results in a new criminal trial because the events at issue in this case overlap with those underlying his criminal conviction. (Reply 9.) Therefore, Khorrami claims he would need to invoke his Fifth Amendment

right against self-incrimination to avoid offering any testimony in this action that would prejudice his retrial. (*Id.*)

However, Khorrami's claim that his Fifth Amendment rights will be implicated is highly speculative. Khorrami's argument hinges on the hypothetical circumstance that he succeeds in his petition to the Supreme Court, leading to a retrial. And his petition relies on the Supreme Court's decision in *Ramos v. Louisiana,* as that case made references to the historical requirement of the Sixth Amendment to a twelve-person jury. 140 S. Ct. at 1395. However, although the Supreme Court discussed this requirement in the context of impartial juries, *id.*, it did not explicitly abrogate its decision in *Williams v. Florida*, 399 U.S. 78 (1970), where it held juries could consist of less than twelve members. Thus, Khorrami will only succeed in his appeal if the Supreme Court chooses to grant his petition for writ of certiorari, overturn *Williams*, and issue a retrial. The likelihood of all these events occurring is far from imminent. Because it is unclear whether Khorrami's Fifth Amendment Rights will ever be at risk of being implicated at all, this factor weighs against staying this action. *See S.E.C v. Braslau*, No. 14-01290-ODW (AJWx), 2015 WL 9591482, at *2 (C.D. Cal. Dec. 29, 2015.) (finding that, on appeal, courts are more reluctant to stay parallel civil proceedings as "[t]he appeal process is an uncertain, potentially long-ranging, process" (citing Pollack, *supra*,. at 204)); *Mytel*, 2022 WL 2101898, at *2; *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2012 WL 6115663, at *2 (S.D. Cal. Dec. 10, 2012).

### B. *Keating* Factors

As to the first *Keating* Factor, courts recognize that civil plaintiffs have an interest in having their case resolved quickly, and accordingly this factor generally weighs in favor of denying the stay. *See ESG Cap. Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014). This concern is especially salient here, when the case has been pending for more than six years, which Plaintiffs contend is primarily because of Khorrami's original criminal trial. (Opp'n 8.) However, when a

plaintiff's conduct indicates the plaintiff's own lack of effort to resolve the case quickly, this factor may be less significant. Here, Plaintiffs refused to produce court-ordered documents for nearly three years in Khorrami's criminal trial and requested that the parties jointly stipulate a stay pending resolution of the criminal case. (Decl. Ramin Khorrami ¶ 2, ECF No. 69-1; Decl. B. Ben Mohandesi ¶ 2, Ex. 1, ECF No. 69-2.) These actions suggest that Plaintiffs are less likely to be prejudiced if there is a further delay. Regardless, even less-than-diligent plaintiffs have a right to have their cases resolved expeditiously.

Moreover, in determining whether a delay in the proceeding will prejudice the plaintiff, courts may also consider the duration of the proposed stay. *See David Rovinsky LLC v. Peter Marco, LLC,* No. 2:20-cv-02580-ODW (ASx), 2020 WL 5645792, at *5, (C.D. Cal Sept. 21,2020) (denying the defendant's motion to stay as it "would be highly prejudicial to require [plaintiff] to await conclusion of a criminal investigation of unclear scope and duration."). Here, Khorrami suggests two alternative time frames for the stay: either six months or until his petition is resolved. (Mot. 2.) However, nothing in Khorrami's moving papers suggests that his appeal will be resolved in six months, rendering this time frame arbitrary and ineffectual for Khorrami's purposes. And the other proposed time frame—until Khorrami's petition is resolved—essentially requires an indefinite stay of this action as the timelines for the appeal process and potential new criminal trial are both uncertain. Accordingly, the indefinite nature of Khorrami's proposed stay favors denying the stay. On balance, the first *Keating* factor weighs against granting the stay.

The second *Keating* factor is the burden the civil proceedings may impose on the defendant. As discussed above, this civil action could implicate Khorrami's Fifth Amendment rights to some degree, but this remote possibility alone does not warrant a stay. *See Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP (VBKx), 2014 WL 1089264, at *5 (C.D. Cal Mar. 19, 2014). Moreover, "[t]he Ninth Circuit has found that where a defendant has had adequate time to prepare for a related civil trial, the

burden on the defendant is substantially diminished." *ESG Cap. Partners*, 22 F. Supp. at 1046. Here, Khorrami claims the risk of implicating his Fifth Amendment rights prevents him from being able to offer testimony, and thus adequately protect himself, in this action. (Mot. 6–8.) However, as previously discussed, the implication of Khorrami's Fifth Amendment rights is highly speculative. And even if there is an actual risk of this harm, Khorrami has had six years to prepare for this civil proceeding and is therefore significantly less likely to suffer prejudice. *See Keating*, 45 F.3d at 325 (finding that, when the movant had nearly two years to prepare for an administrative proceeding, his due process rights were not prejudiced by the decision not to say proceedings). Therefore, this factor weighs against granting the stay.

Looking to the third *Keating* factor, judicial efficiency, courts generally do not favor granting a stay as "the court has an interest in clearing its docket." *ESG Cap. Partners*, 22 F. Supp. 3d at 1047 (quoting *Molinaro*, 889 F.2d at 903). Staying this action will have a significant and negative impact on the Court's ability to efficiently manage its docket. First, this case has already been pending for six years. Second, even if the Supreme Court grants review of Khorrami's appeal, it will likely take months or even years to issue a decision. Assuming the Supreme Court does indeed issue Khorrami a retrial, this action would again be delayed for a matter of months or even years to permit the new criminal proceedings to conclude. Accordingly, these events would add several years to an already prolonged proceeding. Thus, this factor weighs against granting the stay.

The fourth *Keating* factor, the interest of non-parties, favors a stay "where the third parties at issue had a direct interest in the outcome of the litigation." *Mann v. Garcia*, No. 1:21-CV-00764-AWI-EPG (PC), 2022 WL 412013, at *6 (E.D. Cal. Feb. 10, 2022) (quoting *Petrov v. Alameda County*, No. 16-CV-04323-YGR, 2016 WL 6563355 at *6 (N.D. Cal. Nov. 4, 2016)). Plaintiffs claim that Agahi's relatives who are potential witnesses in this proceeding "have also been affected by what has been done" and accordingly also "seek to move past this lawsuit in the same

way [Agahi] does." (Opp'n 11.) However, the interest that implicates third parties in the *Keating* analysis refers to something more than an emotional, familial, or principle-based interest in the proceedings. The third parties themselves must have a legal interest, that is, they must stand to gain some legal benefit, or suffer some legal detriment, as a result of the proceedings. *See, e.g., Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.*, No. 15-cv-02440-GPC (WVG), 2016 WL 2868698, at *5, (S.D. Cal. May 17, 2016) (finding third-party interests relevant when the defendants' ongoing wrongful conduct directly impacted thousands of consumers). Plaintiffs do not argue that Agahi's relatives have any such legal interest. This factor therefore remains neutral.

Finally, under the fifth *Keating* factor, courts consider the public's interest in the pending civil and criminal litigation. *Keating*, 45 F.3d at 325. On the one hand, the public's interest in the integrity of criminal proceedings warrants staying civil proceedings as the civil case "carries only civil sanctions and monetary penalties [and] is not of an equally pressing nature." *Petrov*, 2016 WL 6563355 at *7 (citing *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1072–73 (C.D. Cal. 2008)). On the other hand, "the indirect societal interest in bringing justice to the perpetrators of crime" does not overcome "the direct interest of the victims of crimes to obtain redress for their loses." *Wimbledon Fund v. Graybox, LLC*, No. CV15-6633-CAS (AJWx), 2017 WL 11628850, at *6 (C.D. Cal. Jan. 9, 2017) (quoting *Int'l Bus. Machs. Corp. v. Brown*, 857 F. Supp. 1384, 1391 (C.D. Cal. 1994)). Accordingly, this factor is neutral.

In view of the unlikelihood with which this civil action could implicate Khorrami's Fifth Amendment rights and of the *Keating* factors, the Court finds that a stay pending the criminal investigation is not warranted at this time.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Khorrami's Motion to Stay. (ECF No. 67.)

Additionally, on July 8, 2022, the parties filed a Joint Stipulation to continue the trial and related dates and deadlines "because the parties are currently awaiting the Court's ruling on [the Motion]." (Stip. 1, ECF No. 71.) As the Court has now resolved the Motion, the parties' basis for their Stipulation is no longer at issue. Accordingly, the Court **DENIES** the parties' Stipulation. (ECF No. 71.)

**IT IS SO ORDERED.**

July 18, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**